# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| ANDREW M. POSTLEWAITE,<br><br>Plaintiff,<br><br>vs.<br><br>CROSSROADS CORRECTIONS CENTER and THE MONTANA DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | Cause No. CV 11-00022-GF-SEH-RKS<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Currently pending are Plaintiff Andrew Postlewaite's Motion to Proceed in Forma Pauperis (C.D. 1), proposed civil rights Complaint (C.D. 2), and three supplements to the Complaint.[1] (C.D. 4-6). The Motion to Proceed in Forma Pauperis will be granted and the Complaint recommended for dismissal for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act

---

[1] Mr. Postlewaite's third supplement was received on May 18, 2011. C.D. 6. Mr. Postlewaite's continued filing of supplements further demonstrates his disregard for the DOC grievance procedure. This disregard nearly earned Mr. Postlewaite a strike pursuant to 28 U.S.C. 1915(g). Although the 9th circuit has not explicitly ruled on the issue, it does not appear to favor issuing strikes for failure to exhaust. See *O'Neal v. Price*, 531 F.3d 1146, 1154 n. 9 (9th Cir. 2008). Thus, a strike was not recommended here.

ORDER AND FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT –
CV 11-00022-GF-SEH-RKS / PAGE 1

(PLRA).

## I. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties. This action presents a controversy over whether Defendants, acting under color of state law, violated Mr. Postlewaite's federal constitutional rights thereby subjecting Defendants to liability under 42 U.S.C. § 1983. Accordingly, the case presents a federal question over which the Court possesses jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 1.11(a)(2)(C). This proceeding was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1).

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Postlewaite submitted a declaration and an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Postlewaite is required to pay the statutory filing fee of $350.00. Mr. Postlewaite submitted account statements showing average monthly deposits of $51.84 over the six months immediately

preceding the filing of this action. Therefore, an initial partial filing fee of $10.37 will be assessed by this Order. *See* 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Mr. Postlewaite's account and forward it to the Clerk of Court.

Thereafter, Mr. Postlewaite will be obligated to make monthly payments of 20% of the preceding month's income credited to Mr. Postlewaite's prison trust account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the agency having custody of Mr. Postlewaite to forward payments from Mr. Postlewaite's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. STATEMENT OF CASE

### A. PARTIES

Mr. Postlewaite is a prisoner proceeding without counsel.[2] He is

---

[2] Mr. Postlewaite filed a prior action in this Court against the Missoula County Detention Facility in 2005 wherein he alleged he was Jewish and his family was not allowed to bring a Torah, Siddur, Yarmulke, Titis or Teffilin into the facility, and he was refused a no pork and/or kosher diet. He also alleged an

incarcerated at Crossroads Correctional Center in Shelby, Montana. The named defendants are Crossroads Corrections Center and the Montana Department of Corrections. (C.D. 2, p. 4).

### B. ALLEGATIONS

Mr. Postlewaite alleges he is a member of the Russian Orthodox Church Outside of Russia who was wrongly denied his religious books and icons. On February 24, 2011, the prison received a package for Mr. Postlewaite from the Metropolitan of his Church. The package included five books and two icons. The books were given to Mr. Postlewaite on March 3, 2011 prior to the filing of his Complaint on April 8, 2011. (C.D. 2, p. 5). In his first supplement to the Complaint, Mr. Postlewaite indicated his icons were given to him on April 19, 2011. (C.D. 4, p. 1).

As a result of the denial of these religious items, Mr. Postlewaite has gone further into depression, he has stress migraines, his spiritual life has suffered, and he has consistent stomach pains which he fears may be stress related ulcers.

## IV. SCREENING PER 28 U.S.C. § 1915(e)(2)

As Mr. Postlewaite is a prisoner proceeding in forma pauperis, his

---

officer removed his Bible from his cell and threw it on the ground. That case settled out of Court. *See* Civil Action No. 05-CV-00123-M-LBE, C.D. 1.

Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon the defendants if it is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544. A complaint must " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at

1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). The "plausibility standard" is guided by "[t]wo working principles." *Iqbal,* 129 S.Ct. at 1949. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. *Iqbal,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 129 S.Ct. at 1950.

Even after *Twombly*, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson*, 127 S.Ct. at 2200; *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); *see also Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010)(pro se filings construed liberally when evaluating them under *Iqbal*).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could

not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## V. ANALYSIS

The Court need not engage in an analysis of substantive allegations because Mr. Postlewaite has failed to exhaust his administrative remedies. Mr. Postlewaite submitted his Complaint on the form provided by the Court. In the section pertaining to Exhaustion of Administrative Remedies, Mr. Postlewaite admits there is a grievance procedure at Crossroad but states he did not fully exhaust the administrative grievance process within the prison. (C.D. 2, p. 4). He explains he "sent a letter of demand to the Warden and gave them since the 5th of March 2011 to resolve this." (C.D. 2, p. 4).

The Court takes judicial notice of the Montana Department of Corrections grievance policy which is utilized at Crossroads where Mr. Postlewaite is incarcerated. *Offender Grievance Program*, Mont. Dept. Correct. Policy Directive, Policy No. DOC 3.3.3 (available at http://www.cor.mt.gov/content/Resources/Policy/Chapter3/3-3-3.pdf.)[3] The Department of Corrections Grievance

---

[3]*See United States v. Thornton*, 511 F.3d 1221, 1229 n. 5 (9th Cir. 2008) (taking judicial notice of a Bureau of Prisons policy statement that was publicly available).

Policy 3.3.3 requires a four-step process wherein an inmate must submit an informal resolution form, a formal grievance, an appeal to the Warden, and ultimately an appeal to the Director of the Montana Department of Corrections. (See Civil Action No. 10-cv-00023-GF-SEH, C.D. 33, pp. 8-9).[4] Mr. Postlewaite admits he did not comply with this process, he merely sent a demand letter to the Warden.

The PLRA's exhaustion requirement is set forth in § 1997e(a), which states that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Exhaustion of administrative remedies is not a pleading requirement. *Wyatt v. Terhune*, 315 F.3d 1108, 1112 (9th Cir. 2003). It is an affirmative defense and

---

[4]A court may take judicial notice of its own files and documents filed in other courts. *See, e.g., Rand v. Rowland*, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); *Zolg v. Kelly (In re Kelly)*, 841 F.2d 908, 911 n. 1 (9th Cir. 1988); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006).

inmates are not required to specially plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007). However a complaint may be subject to dismissal for failure to state a claim when an affirmative defense (such as failure to exhaust) appears on the face of the pleading. *Jones,* 127 S.Ct. at 920-921. Where the plaintiff specifically states in his Complaint or the documents submitted therewith that he has not exhausted his administrative remedies, the Court need not await a defendant's assertion of affirmative defenses to find that relief is precluded. "A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." *Wyatt,* 315 F.3d at 1120.

Mr. Postlewaite concedes that he did not file an administrative grievance based upon the facts which form the basis of his lawsuit. The exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); *Porter*, 534 U.S. at 524-25. The Court notes that the prison has resolved this matter in Mr. Postlewaite's favor–he has now received his religious books and icons. Had Mr. Postlewaite complied with the grievance process, there likely would have been no need for this lawsuit, the precise purpose of the PLRA exhaustion requirement.

Mr. Postlewaite conceded that he did not file an administrative grievance regarding his claims. Therefore, this case should be dismissed without prejudice for failure to exhaust administrative remedies.

## VI. CONCLUSION

As set forth above, Mr. Postlewaite failed to exhaust his administrative remedies. These are not defects which could be cured by amendment. As such, his case should be dismissed without prejudice.

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> > (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement

if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain that Mr. Postlewaite failed to exhaust his administrative remedies prior to filing this lawsuit. Under these circumstances, no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

Accordingly, the Court issues the following:

## ORDER

1. Mr. Postlewaite's Motion for Leave to Proceed in forma pauperis (C.D. 1) is granted. The Clerk of Court shall waive prepayment of the filing fee. Mr. Postlewaite is hereby assessed an initial partial filing fee of $10.37.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on April 8, 2011.

3. At all times during the pendency of this action, Mr. Postlewaite SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective

date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Postlewaite has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1.  Mr. Postlewaite's Complaint should be dismissed without prejudice for failure to exhaust administrative remedies.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  Mr. Postlewaite's failure to exhaust administrative remedies is so clear no reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO
## FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Postlewaite may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 18th day of May, 2011.

ORDER AND FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT –
CV 11-00022-GF-SEH-RKS / PAGE 14

/s/ Keith Strong
Keith Strong
United States Magistrate Judge